Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:       804.771.9500
Facsimile:        804.644.0957
E-mail:             rwestermann@hirschlerlaw.com
                       bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Rice Timber Solutions, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Lynchburg Division

| | |
|---|---|
| **In re:**<br><br>**RICE TIMBER SOLUTIONS, LLC,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 20-60947-RBC** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Rice Timber Solutions, LLC,**<br><br>**Movant,**<br><br>**v.**<br><br>**RICE R.O.W., LLC,**<br>**RICE TIMBER AND LAND SOLUTIONS, LLC, and**<br>**RYLAND F. RICE,**<br><br>**Defendants.** | **Adv. Pro: _____** |

## **COMPLAINT**

Hannah W. Hutman, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Rice Timber Solutions, LLC (the "**Debtor**"), by counsel, files this *Complaint* (the "**Complaint**") against Rice R.O.W., LLC ("**ROW**"), Rice Timber and Land Solutions, LLC ("**RTLS**"), and Ryland Franklin Rice ("**Rice**" and together with ROW and RTLS, the "**Defendants**") and in support alleges as follows:

## JURISDICTION AND VENUE

1. On June 26, 2020 (the "**Petition Date**"), the Debtor filed with the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division (the "**Court**") a voluntary petition for relief (the "**Case**") pursuant to Chapter 11 of 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").

2. On August 12, 2020, on motion of the United States Trustee, the Case was converted to a case under Chapter 7 of the Bankruptcy Code.

3. This Court has subject matter jurisdiction over the above-captioned adversary proceeding (this "**Adversary Proceeding**") pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding constitutes a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

5. The predicates for the relief requested herein are Sections 502, 542, 544, 548, 550, and 551 of the Bankruptcy Code, Sections 55.1-400 and 55.1-401 of the Code of Virginia (the "**Virginia Code**"), and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. The Trustee consents to entry of final orders and judgment by the Court in this Adversary Proceeding.

7. Venue is proper in this Court as to the Debtor, Trustee, and the Defendants under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

8. The Trustee is the duly appointed Chapter 7 trustee in this Case.

9. The Debtor was a Virginia limited liability company in the business of pulpwood cutting.

10. The Debtor was owned and controlled by Ryland Bradford Rice ("**RBR**").

11. Upon information and belief, ROW is a Virginia limited liability company in the business of pulpwood cutting.

12. Upon information and belief, RTLS is a Virginia limited liability company in the business of pulpwood cutting.

13. Upon information and belief, Rice is a resident of Campbell County, Virginia.

14. Rice is the registered agent and member/manager of ROW and RTLS.

15. Rice is RBR's father.

## BACKGROUND

16. The Debtor was in the business of pulpwood cutting operating in and around the Commonwealth of Virginia.

17. On July 27, 2020, the Debtor filed its Statements and Schedules [Docket No. 18] (the "**Statements & Schedules**") in the Case.

   I. **2018 Transfers**

18. In the Statement of Financial Affairs ("**SOFA**"), the Debtor listed the transfer of the following equipment and pieces of property to ROW and Rice in approximately August 2018:

      A. 2004 Komatsu D65 Dozer;
      B. 2000 Western Star Tractor;
      C. 2004 Pitts Trailer;
      D. 2016 Tigercat Model 724 G;
      E. Feller-Buncher;
      F. 2005 John Deere 748Gill Grappel Skidder;
      G. 2003 Morbark 22 NCL Chipper with Remote; and
      H. 7000 HP CAT motor (collectively, the transfers of the property listed in subsections A-H of paragraph 18 are referred to herein as the "**2018 Transfers**").

19. The 2018 Transfers were valued at $100,000.00 on SOFA.

20. The Trustee has requested and has not been provided with any contract or agreement documenting the 2018 Transfers.

21. The Statements & Schedules, however, list ROW, to the attention of Rice, as an unsecured creditor with a one hundred thousand and 00/100 dollar ($100,000.00) claim based on "loans".

22. Upon information and belief, no contract or agreement exists concerning the 2018 Transfers.

23. No Defendant had a properly perfected security interest in the property transferred pursuant to the 2018 Transfers (the "**2018 Property**").

## II.     2019 Transfers

24. In SOFA, the Debtor listed the transfer of the following pieces of equipment and property to RTLS and Rice between May and December 2019:

      A. 1996 Kenworth W900L;
      B. 2001 International 9900I tractor;
      C. 1997 Pitts plantation log trailer;
      D. 2001 LT42 Pitts log trailer;
      E. 2005 LT42 Pitts log trailer;
      F. 2011 LT42 Pitts log trailer;
      G. LT42 Pitts log trailer;
      H. 1999 Dodge 3500 4WD; and

   I. 1999 GMC 2500 pickup (collectively, the transfers of the property listed in subsections A-I of paragraph 24 are referred to herein as the "**2019 Transfers**").

25. The 2019 Transfers were valued at $180,000.00 on SOFA.

26. The Trustee has requested and has not been provided with any contract or agreement documenting the 2019 Transfers.[1]

27. The Statements & Schedules list Rice as an unsecured creditor with a one hundred thousand and 00/100 dollar ($100,000.00) claim based on "loans".

28. Upon information and belief, no contract or agreement exists concerning the 2019 Transfers.

29. No Defendant had a properly perfected security interest in the property transferred pursuant to the 2019 Transfers (the "**2019 Property**").

### III. Additional 2019 Transfers

30. Upon information and belief, the Debtor also transferred the following pieces of equipment and property to Rice between April 2019 and the Petition Date:

   A. 2003 Pitts Trailer;
   B. 1996 Kenworth Tractor;
   C. 1982 Fruehauf Trailer;
   D. 2001 Pitts Trailer;
   E. 2011 Hudson Trailer;
   F. 2004 Pitts Trailer;
   G. 1964 Dorsey Trailer;
   H. 2005 Pitts Trailer;
   I. 2001 International Tractor;
   J. 1997 Pitts Trailer;
   K. 1999 Dodge Truck; and
   L. 2011 Pitts Trailer (collectively, the transfers of the property listed in subsections A-L of paragraph 30 are referred to herein as the "**Additional 2019 Transfers**"

---

[1] The Trustee was provided with an Agreement (as hereinafter defined), but the property listed in the Agreement and the parties to the Agreement did not match the property or parties listed on SOFA; therefore, it is unclear if the Agreement was intended to relate to the 2019 Transfers or if it consisted of a different set of transfers not included in the Statements & Schedules.

and together with the 2018 Transfers and the 2019 Transfers, the "**Pre-Petition Transfers**").

31. The Additional 2019 Transfers were, upon information and belief, made pursuant to an April 9, 2018 agreement between Rice and RBR (the "**Agreement**").

32. Pursuant to the terms of the Agreement, Rice loaned to RBR the sum of one hundred thousand and 00/100 dollars ($100,000.00) (the "**Sum**") to be repaid by RBR within one (1) year.

33. In the Agreement, Rice purported to take a lien on the property comprising the Additional 2019 Transfers (the "**Additional 2019 Property**") as collateral.

34. The Debtor was not a party to the Agreement.

35. Rice did not perfect his purported interest in the Additional 2019 Property.

36. No Defendant had a properly perfected security interest in the Additional 2019 Property.

37. No Defendant had a validly perfected lien on any property comprising any Pre-Petition Transfer (the "**Property**").

38. Upon information and belief, there is no written contract or agreement between the Debtor and any of the Defendants.

39. The Pre-Petition Transfers consisted of virtually all of the property of the Debtor. *See* Schedule A/B listing total assets as $400.00 in a bank account.

## COUNT I
**Avoidance of the Pre-Petition Transfers Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code Against the Defendants**

40. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

41. The Debtor had an interest in the Property. The Debtor's interest was the custody, control, or dominion over the Property transferred to the Defendants.

42. The Pre-Petition Transfers were made or incurred on or within two (2) years before the Petition Date.

43. The Pre-Petition Transfers constitute "transfers" under 11 U.S.C. § 101(54) of an interest of the Debtor in property.

44. The Pre-Petition Transfers were made by the Debtor.

45. The Debtor voluntarily or involuntarily received less than reasonably equivalent value in exchange for the Pre-Petition Transfers because the Debtor received no value in exchange for transferring the unencumbered Property to the Defendants. The Debtor was not indebted to any of the Defendants and thus the Pre-Petition Transfers were gratuitous transfers for which the Debtor did not receive reasonably equivalent value.

46. With respect to the Additional 2019 Transfers, the Debtor voluntarily or involuntarily received less than reasonably equivalent value in exchange for the Additional 2019 Property as the Debtor received no value for transferring the Additional 2019 Property to an unsecured creditor of RBR.

47. The Debtor was insolvent on the date that the Pre-Petition Transfers were made, or became insolvent as a result of such Pre-Petition Transfers: The Debtor's debts were much greater than the Debtor's assets; and/or the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured as the Debtor was hopelessly insolvent at the time that the Pre-Petition Transfers were

made; and/or the Debtor made such Pre-Petition Transfers to or for the benefit of an insider and not in the ordinary course of business.

48. For the foregoing reasons, the Recoverable Transfers should be avoided and set aside as fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**COUNT II**
**Avoidance of the Recoverable Transfers Pursuant to Virginia Code Section 55.1-401, as Made Applicable Through Section 544(b) of the Bankruptcy Code Against the Defendants**

49. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50. At all relevant times, within the last five (5) years, there have been one or more creditors who have held and still hold unsecured claims against the Debtor that were and are allowable under Section 502 of the Bankruptcy Code.

51. The Debtor had an interest in the Pre-Petition Transfers. The Debtor's interest was the custody, control, or dominion over the Property.

52. The Pre-Petition Transfers constitute transfers or conveyances of the Debtor's personal property.

53. The Pre-Petition Transfers were made or incurred on or within two (2) years before the Petition Date.

54. The Debtor was insolvent at the time that the Pre-Petition Transfers were made or was rendered insolvent by the Recoverable Transfers, as indicated by the Debtor's schedules which listed its liabilities at nearly **$950,000.00** and assets at **$400.00**, *see* Schedules [ECF No. 18].

55. The Debtor did not receive valuable consideration in exchange for the Pre-Petition Transfers because the Pre-Petition Transfers were made gratuitously and/or on the account of a debt owed by another party—namely RBR.

56. For the foregoing reasons, the Pre-Petition Transfers should be avoided and set aside as fraudulent transfers pursuant to Virginia Code Section 55.1-401, as made applicable through Section 544 of the Bankruptcy Code.

### COUNT III
**Avoidance of the Transfer of All or a Portion of the 2019 Property and the Additional 2019 Property as Preferential Transfers to Rice Pursuant to Section 547 of the Bankruptcy Code**

57. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1-56 as if fully set forth herein.

58. All or a portion of the 2019 Transfers and Additional 2019 Transfers were made within one (1) year before the Petition Date.

59. Rice is an "insider" as defined in 11 U.S.C. § 101(31) as a "relative of a . . . person in control of the Debtor".

60. Rice was a creditor of the Debtor at the time that all or part of the 2019 Transfers and the Additional 2019 Transfers were made.

61. The transfers of all or part of the 2019 Property and the Additional 2019 Property constitute a transfer of an interest of the Debtor in property.

62. The 2019 Transfers and Additional 2019 Transfers were made to or for the benefit of Rice.

63. The 2019 Transfers and Additional 2019 Transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

64. The 2019 Transfers and Additional 2019 Transfers were not made as a contemporaneous exchange for new value given to the Debtor.

65. The 2019 Transfers and Additional 2019 Transfers were not made in the ordinary course of business or financial affairs of the Debtor and Rice or made according to ordinary business terms.

66. For the foregoing reasons, the 2019 Transfers and Additional 2019 Transfers should be avoided and set aside as preferential transfers pursuant to Section 547 of the Bankruptcy Code.

## COUNT IV
### Liability of the Defendants Pursuant to Section 550 of the Bankruptcy Code

67. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 as if fully set forth herein.

68. The Trustee is entitled to avoid the Pre-Petition Transfers pursuant to Sections 544, 547, and/or 548 of the Bankruptcy Code.

69. The Defendants were the initial and only transferees of the Pre-Petition Transfers or the entities for whose benefit the Pre-Petition Transfers were made, or the immediate or mediate transferees of the initial transferee.

70. The Trustee is entitled to recover for the Estate the proceeds or value of the Pre-Petition Transfers pursuant to Section 550 of the Bankruptcy Code.

71. The Trustee is entitled to an order and judgment providing that the proceeds or value of the Pre-Petition Transfers is recovered for the benefit of the Estate pursuant to Section 550 of the Bankruptcy Code.

## COUNT V
### Preservation of Property Pursuant to Section 551 of the Bankruptcy Code Against the Defendants

72. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 71 as if fully set forth herein.

73. The Pre-Petition Transfers are avoidable under Sections 544, 547, and/or 548 of the Bankruptcy Code.

74. The Pre-Petition Transfers constitute interests of the Debtor in property.

75. The Pre-Petition Transfers, or value thereof, should be preserved for the benefit of the Debtor's estate pursuant to Section 551 of the Bankruptcy Code.

### COUNT VI
### Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code Against the Defendants

76. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 75 as if fully set forth herein.

77. The Defendants are entities from which property is recoverable under Sections 542, 544, 547, 548, and/or 550 of the Bankruptcy Code.

78. The Defendants were the initial transferees of the Pre-Petition Transfers, the immediate or mediate transferees of such initial transferee, or the person or entities for whose benefit the Pre-Petition Transfers were made.

79. The Defendants have not paid to the Trustee the amount of the Pre-Petition Transfers, or turned over such property to the Trustee, for which the Defendants are liable under Section 550 of the Bankruptcy Code.

80. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of the Defendants and/or their assignee, against the Debtor's Estate, or the Debtor, must be disallowed until such time as the Defendants pay to the Trustee all amounts sought herein.

### COUNT VII
### Return of Property to the Trustee Pursuant to Section 542 of the Bankruptcy Code Against the Defendants

81. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 as if fully set forth herein.

82. As an alternative to **Count I** through **Count VI**, the Trustee requests that the Defendants turnover the Property pursuant to Section 542 of the Bankruptcy Code.

83. The Debtor transferred the Property to the Defendants as described herein and in SOFA.

84. Upon information and belief, during the pendency of this Bankruptcy Case, the Defendants were entities other than a custodian that were in "possession, custody, or control" of Property that the Trustee "may use, sell, or lease under Section 363 of the Bankruptcy Code."

85. But for the Defendants' possession, custody, or control over the Property, the Estate would have had possession, custody, or control over the Property.

86. The Property is not of inconsequential value or benefit to the Estate.

87. Accordingly, pursuant to Section 542 of the Bankruptcy Code, the Defendants must "deliver to the trustee, and account for, such property or the value of" the Pre-Petition Transfers.

## RELIEF REQUESTED

The Trustee respectfully requests that this Court enter an order and judgment:

(a) avoiding the Pre-Petition Transfers pursuant to Section 548 of the Bankruptcy Code and/or Section 55.1-401 of the Virginia Code as made applicable through Section 544(b) of the Bankruptcy Code; or, in the alternative, finding that the Defendants be required to deliver to the Trustee the value of the Pre-Petition Transfers of *at least* **two hundred eighty thousand and no dollars** (**$280,000.00**), pursuant to Section 542 of the Bankruptcy Code;

(b) in the alternative, avoiding the 2019 Transfers and Additional 2019 Transfers pursuant to Section 547 of the Bankruptcy Code; or, in the alternative, finding that the

Defendants be required to deliver to the Trustee the value of the 2019 Transfers and Additional 2019 Transfers of *at least* **one hundred eighty thousand and no dollars ($180,000.00)**;

(c) finding that the Defendants are required to preserve the Pre-Petition Transfers, or the value thereof, for the benefit of the Debtor's estate pursuant to Section 551 of the Bankruptcy Code; or, alternatively, requiring the Defendant to deliver to the Trustee the value of the Pre-Petition Transfers in the amount of *at least* **two hundred eighty thousand and no dollars ($280,000.00**) pursuant to Section 542 of the Bankruptcy Code;

(d) disallowing any claim of the Defendants pursuant to Section 502(d) of the Bankruptcy Code;

(e) awarding pre-judgment interest at the maximum legal rate running from the date of the Trustee's first demand to return the Pre-Petition Transfers to the date of judgment with respect to this Complaint herein;

(f) awarding the Trustee her costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees;

(g) awarding post-judgment interest at the maximum legal rate running from the date of the judgment until the date the judgment is paid in full, plus costs;

(h) requiring the Defendants to pay forthwith the amount of the judgment; and

(i) granting the Trustee such other and further relief as the Court deems just and proper.

## **CONCLUSION**

**WHEREFORE**, the Trustee requests that this Court (i) grant the Trustee the relief requested in this Complaint; and (ii) grant such other and further relief to the Trustee as this Court deems just and proper.

Dated:  April 27, 2021

/s/   *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9500
Facsimile:   804.644.0957
E-mail:      rwestermann@hirschlerlaw.com
             bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Rice Timber Solutions, LLC*