UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-60947 - RBC |
| RICE TIMBER SOLUTIONS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| HANNAH W. HUTMAN, Trustee, | ) | |
| | ) | Adversary No. 21-06004 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICE R.O.W., LLC, | ) | |
| RICE TIMBER AND LAND | ) | |
| SOLUTIONS, LLC, and | ) | |
| RYLAND F. RICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

COMES NOW Rice Timber and Land Solutions, LLC ("RTLS") and for its answer to the Complaint states:

1. The allegations of paragraph 1 of the Complaint are admitted.

2. The allegations of paragraph 2 of the Complaint are admitted.

3. The allegations of paragraph 3 of the Complaint are admitted.

4. The allegations of paragraph 4 of the Complaint are admitted.

5. The allegations of paragraph 5 of the Complaint do not require a response.

6. The allegations of paragraph 6 of the Complaint do not require a response.

7. The allegations of paragraph 7 of the Complaint are admitted.

8. The allegations of paragraph 8 of the Complaint are admitted.

9. As to paragraph 9 of the Complaint, it is admitted that the Debtor is a Virginia limited liability company.

10. As to paragraph 10 of the Complaint, it is admitted that the Debtor is owned by Ryland B. Rice.

11. As to paragraph 11 of the Complaint, it is admitted that ROW is a Virginia limited liability company. ROW is in the business of mowing.

12. As to paragraph 12 of the Complaint, it is admitted that "RTLS" is a Virginia limited liability company.

13. The allegations of paragraph 13 of the Complaint are admitted.

14. The allegations of paragraph 14 of the Complaint are admitted.

15. The allegations of paragraph 15 of the Complaint are admitted.

16. As to paragraph 16 of the Complaint, it is admitted that the Debtor was engaged in cutting pulpwood.

17. As to paragraph 17 of the Complaint, it is admitted that the Debtor filed certain documents which are at Docket No. 18 of the Debtor's case. Those documents speak for themselves.

18. As to paragraph 18 of the Complaint, the Statement of Financial Affairs filed by the Debtor speaks for itself. However, the equipment listed in paragraph 18 of the Complaint was not transferred.

19. As to paragraph 19 of the Complaint, the Statement of Financial Affairs filed by the Debtor speaks for itself. However, the equipment listed in paragraph 18 of the Complaint was not transferred.

20. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint.

21. As to paragraph 21 of the Complaint, the Statement of Financial Affairs and Schedules filed by the Debtor speak for themselves.

22. The allegations contained in paragraph 22 of the Complaint are denied. However, the equipment listed in paragraph 18 of the Complaint was not transferred.

23. Paragraph 23 of the Complaint calls for a legal conclusion and no response is required. However, the equipment listed in paragraph 18 of the Complaint was not transferred.

24. As to paragraph 24 of the Complaint, the Statement of Financial Affairs filed by the Debtor speaks for itself.

25. As to paragraph 25 of the Complaint, the Statement of Financial Affairs filed by the Debtor speaks for itself.

26. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint.

27. As to paragraph 27 of the Complaint, the Statement of Financial Affairs and Schedules filed by the Debtor speak for themselves.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. Paragraph 29 of the Complaint calls for a legal conclusion and no response is required.

30. The allegations contained in paragraph 30 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

31. As to paragraph 31 of the Complaint, RTLS admits that equipment was transferred to it pursuant to certain agreements. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

32. As to paragraph 32 of the Complaint, the terms of the Agreement speak for themselves. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

33. As to paragraph 33 of the Complaint, the terms of the Agreement speak for themselves. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

34. As to paragraph 34 of the Compliant, the terms of the Agreement speak for themselves. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

35. Paragraph 35 of the Complaint call for a legal conclusion and no response is required. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

36. Paragraph 36 of the Complaint calls for a legal conclusion and no response is required. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

37. Paragraph 37 of the Complaint calls for a legal conclusion and no response is required. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

38. The allegations of paragraph 38 of the Complaint are denied.

39. As to paragraph 39 of the Complaint, the Statement of Financial Affairs and Schedules filed by the Debtor speak for themselves.

40 RTLS restates its responses to paragraphs 1 - 39 of the Complaint.

41. Paragraph 41 of the Complaint calls for a legal conclusion and no response is required. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

42. The allegations of paragraph 42 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

43. Paragraph 43 of the Complaint calls for a legal conclusion and no response is required.

44. As to paragraph 44 of the Complaint, to the extent that any transfers were made, they were made by the Debtor.

45. The allegations of paragraph 45 of the Complaint are denied.

46. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 46 of the Complaint. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

47. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint do not require a response.

49. RTLS restates its responses to paragraphs 1 - 48 of the Complaint.

50. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 50 of the Complaint.

51. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 51 of the Complaint. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

52. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 52 of the Complaint. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

53. As to paragraph 53 of the Complaint, to the extent any transfers by the Debtor were made, the allegations are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

54. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 54 of the Complaint.

55. The allegations of paragraph 55 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

56. The allegations contained in paragraph 56 of the Complaint do not require a response.

57. RTLS restates its responses to paragraphs 1 - 56 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

59. Paragraph 59 of the Complaint calls for a legal conclusion and no response is required.

60. As to paragraph 60 of the Complaint, it is admitted that Ryland F. Rice was a creditor of the Debtor. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

61. Paragraph 61 of the Complaint calls for a legal conclusion and no response is required.

62. As to paragraph 62 of the Complaint, it is the understanding of RTLS that the Trustee is no longer pursuing recovery of any transfers from Ryland F. Rice.

63. Paragraph 63 of the Complaint calls for a legal conclusion and no response is required.

64. The allegations of paragraph 64 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

65. RTLS is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint call for a legal conclusion and do not require a response.

67. RTLS restates its responses to paragraphs 1 - 66 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint call for a legal conclusion and do not require a response.

69. The allegations contained in paragraph 69 of the Complaint call for a legal conclusion and do not require a response.

70. The allegations contained in paragraph 70 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

71. The allegations contained in paragraph 71 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

72. RTLS restates its responses to paragraphs 1 - 71 of the Complaint.

73. The allegations contained in paragraph 73 of the Complaint call for a legal conclusion and do not require a response.

74. The allegations contained in paragraph 74 of the Complaint call for a legal conclusion and do not require a response. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

75. The allegations contained in paragraph 75 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

76. RTLS restates its responses to paragraphs 1 - 75 of the Complaint.

77. The allegations contained in paragraph 77 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

78. The allegations contained in paragraph 78 of the Complaint call for a legal conclusion and do not require a response.

79. The allegations contained in paragraph 79 of the Complaint do not require a response.

80. The allegations contained in paragraph 80 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

81. RTLS restates its responses to paragraphs 1 - 80 of the Complaint.

82. The allegations contained in paragraph 82 of the Complaint do not require a response.

83. As to paragraph 83 of the Complaint, the denials and responses of RTLS to the allegations in the Complaint are incorporated in its response to paragraph 83 of the Complaint. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

84. The allegations contained in paragraph 84 of the Complaint call for a legal conclusion and do not require a response.

85. The allegations contained in paragraph 85 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

86. The allegations contained in paragraph 86 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

87. The allegations contained in paragraph 87 of the Complaint are denied. It is the understanding of RTLS that the Trustee is no longer pursuing recovery of the Additional 2019 Transfers from Ryland F. Rice.

88. Any allegation not specifically admitted is denied.

89. To the extent that any allegation in the Complaint relates to or is based upon the equipment listed in paragraph 18 of the Complaint being transferred, such allegation is denied.

## AFFIRMATIVE DEFENSES

90. RTLS affirmatively states that any alleged transfer made to it which is sought to be avoided was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and RTLS, or was made in accordance with ordinary business terms.

91. RTLS affirmatively states that any alleged transfer made to it was intended by Debtor and RTLS to be a contemporaneous exchange and was in fact a substantially contemporaneous exchange.

92. RTLS affirmatively states that, after any alleged transfer, it gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable security interest to or for the benefit of RTLS.

93. RTLS affirmatively states that any alleged transfer made to it was made for reasonably equivalent value.

94. RTLS affirmatively states that the Debtor was not insolvent at the time of any alleged transfer to RTLS and that the Debtor was not rendered insolvent by any such transfer.

WHEREFORE, Rice Timber and Land Solutions, LLC requests that this adversary proceeding be dismissed and that Rice Timber and Land Solutions, LLC be awarded its costs and expenses associated herewith.

Respectfully submitted,

RICE TIMBER AND LAND
SOLUTIONS, LLC

By: /s/ Richard C. Maxwell
Of Counsel

Richard C. Maxwell, Esq. (VSB #23554)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1400
10 South Jefferson Street
P.O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
    Counsel for Rice Timber and Land Solutions, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 27, 2021, the foregoing was filed electronically with the

U.S. Bankruptcy Court and was served electronically on the following party:

Robert S. Westermann, Esq.
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
P.O. Box 500
Richmond, Virginia 23218
    Counsel for Hannah W. Hutman, Trustee

/s/Richard C. Maxwell